[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 7, 2006
THOMAS K. KAHN
CLERK

No. 05-14291
Non-Argument Calendar

_____

D. C. Docket No. 05-00068-CV-J-25-MMH

WILLIAM STEPHEN HALL,

Plaintiff-Appellant,

versus

H. R. SMITH,
L. D. KITCHEN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 7, 2006)**

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

William Stephen Hall appeals the district court's dismissal of his complaint for failure to state a claim.  Hall filed a complaint pursuant to 42 U.S.C. § 1983 against police officers H.R. Smith, L.D. Kitchen, M.S. Bozeman (the Officers), and the City of Jacksonville, Florida (the City), alleging:  (1) the Officers' actions in forcibly entering his residence without a warrant and arresting him violated his Fourth and Fourteenth Amendment rights under color of state law; and (2) the City deliberately chose not to adequately train and supervise its employees, causing the Officers to violate his constitutional rights.  Hall asserts the district court erred in dismissing his complaint without considering all of the evidence, namely, the police record of his arrest and a tape of a 911 call, which, he alleges, showed: (1) the Officers were not justified in entering and searching his apartment, (2) he was falsely arrested, and (3) the City had an official policy of inadequately training and supervising its employees.  The district court did not err, and we affirm.

## I.  DISCUSSION

We review a grant of a motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004).  "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove

2

no set of facts in support of his claim which would entitle him to relief. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (citation omitted).

A. *Claims against the Officers*

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. However, "a warrantless entry by criminal law enforcement officials may be legal when there is compelling need for official action and no time to secure a warrant." *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002) (internal quotations and citations omitted). We have held "when exigent circumstances demand an immediate response, particularly where there is danger to human life, protection of the public becomes paramount and can justify a limited, warrantless intrusion into the home." *Id.* (upholding a warrantless search that was based on an anonymous 911 call, coupled with the police officers' personal observances upon arriving at the scene).

Furthermore, "probable cause constitutes an absolute bar to . . . § 1983 claims alleging false arrest . . . ." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). Probable cause exists when an arrest is "objectively reasonable under the totality of the circumstances." *Id.* (internal quotations and citations omitted). There is probable cause "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal citations and quotations omitted). In addition, qualified immunity provides complete protection for government officials sued in their individual capacities as long as their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1267 (11th Cir. 2003) (internal quotations and citations omitted). In evaluating whether an official is entitled to qualified immunity, as a threshold matter, we must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Id.* at 1268.

With respect to Hall's claims that the Officers unlawfully entered and searched his apartment and unlawfully arrested him, the district court did not err in concluding his complaint failed to allege facts showing the Officers violated his

4

constitutional rights. Construing the complaint in the light most favorable to Hall, it shows the Officers: (1) received a 911 call stating a female was being beaten; (2) upon arriving, heard yelling and a female crying inside of Hall's apartment; (3) drew their guns, pointed them at Hall's door, and told him to open it; and (4) used a key to open Hall's door after Hall had refused to let them in. In light of these circumstances, the police officers were justified in entering Hall's residence without a warrant, as they were unable to verify that everyone inside the apartment was safe. *See Holloway*, 290 F.3d at 1334. Furthermore, the complaint shows that, after being told several times to get to the ground, the police officers used force to place Hall on the ground, but Hall did not allege that he suffered any injuries during his arrest. Because resisting an officer without violence to his person is a crime in Florida, probable cause existed for Hall's arrest. *See Rankin*, 133 F.3d at 1435; § 843.02, Fla. Stat. Moreover, the judicially-recognized fact that Hall subsequently pled no contest and was adjudged guilty demonstrates his detention was not unreasonable or unlawful. Accordingly, the district court did not err in finding exigent circumstances existed for the warrantless entry and the subsequent arrest was reasonable.

Finally, because Hall failed to establish he was deprived of a constitutional right, the district court did not err in concluding the Officers were entitled to

qualified immunity. *See Williams*, 341 F.3d at 1268. Additionally, although Hall asserts the district court erred in failing to consider all of the evidence, the district court was not permitted to consider evidence outside of the pleadings in determining whether to grant the defendant's motion to dismiss. *See* Fed. R. Civ. P. 12(b). Further, even accepting all of Hall's allegations as true, they do not establish the Officers were not justified in entering Hall's apartment and arresting him for resisting them.

B. *Claims against the City*

"[I]t is well established that a municipality may not be held liable under section 1983 on a theory of respondeat superior." *Davis v. DeKalb County Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000). The Supreme Court requires "a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 117 S. Ct. 1382, 1388 (1997). In addition, a plaintiff must show "a municipal action was taken with . . . deliberate indifference to its known or obvious consequences." *Davis*, 233 F.3d at 1375-76. Vague and conclusory allegations will not support a claim under § 1983. *See Marsh*, 268 F.3d at 1036 n.16 (holding unsupported conclusions of law or mixed

questions of fact and law have long been recognized as not to prevent a Fed. R. Civ. P. 12(b) dismissal).

Because Hall alleged no factual support for his conclusory statement that the City had a policy or custom of grossly inadequate supervision and training of its employees, the district court did not err in dismissing Hall's claims against the City.

## II. CONCLUSION

The district court did not err in dismissing Hall's complaint for failure to state a claim.

AFFIRMED.